United States District Court
for the
Southern District of Florida

Zenon Fernandez, Petitioner,       )
                                   )
v.                                 )
                                   )  Civil Action No. 17-21455-Civ-Scola
                                   )
Department of Homeland Security,   )
Respondent.

### **Order Adopting Magistrate Judge's Report And Recommendation**

This case was referred to United States Magistrate Judge Patrick A. White, consistent with Administrative Order 2003-19 of this Court, for a ruling on all pre-trial, nondispositive matters and for a report and recommendation on any dispositive matters. On April 24, 2017, Judge White issued a report, recommending that the petition for habeas corpus, brought in accordance with 28 U.S.C. § 2241, be denied and the case dismissed. (Rep. of Magistrate, ECF No. 4.) Petitioner Zenon Fernandez has filed objections to the report. (Obj. to Mag.'s Rep., ECF No. 7.)

The Court has considered, de novo, Judge White's report, the Petitioner's objections, the record, and the relevant legal authorities. Fernandez's complaint appears to be twofold. First, he challenges the propriety of a detainer lodged against him by the United States Department of Homeland Security, Bureau of Immigration and Customs Enforcement. And, second, he complains that the detainer has resulted in his placement in "close" custody, during his confinement by the Florida Department of Corrections, in violation of his due process rights.

Judge White explains, in his report, that Fernandez's challenge to his future ICE detention, upon his release from state custody, is not yet ripe for review. In his objections, Fernandez says that he is "under the honest belief" that "he was telephonically deported by the ICE official with whom he spoke" but that the deportation order "cannot [be] verif[ied]." (Pet.'s Objs. at 1–2.) Although it is true that a detainer coupled with a deportation order has been found in some cases to confer jurisdiction on a district court, *see, e.g.*, *Simmonds v. I.N.S.*, 326 F.3d 351, 354 (2d Cir. 2003), here Fernandez has not presented sufficient evidence that there is such an order. Thus, his claims must fail because the "filing of the detainer, standing alone, did not cause him to come within the custody of the INS." *Louis v. Sec'y, Florida Dep't of Corr.*, 524 F. App'x 583, 584 (11th Cir. 2013) (quoting *Orozco v. U.S. INS*, 911 F.2d 539, 541 (11th Cir.1990).

The Court therefore **affirms and adopts** Judge White's report and recommendation (ECF No. 4). The Court **denies** the petition for writ of habeas corpus (ECF No. 1). The Court does not issue a certificate of appealability. Lastly, the Court directs the Clerk to **close** this case.

**Done and ordered**, at Miami, Florida, on May 17, 2017.

_____
Robert N. Scola, Jr.
United States District Judge